IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-0285-WJM-NYW

KAREN NAKAYAMA, and
ROBERT BRIDGES,

    Plaintiffs,

v.

JENNIFER L. SANDERS, and
CODY K. SANDERS,

    Defendants.

## ORDER ADOPTING MARCH 21, 2017 RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING DEFENDANTS' MOTION TO DISMISS

    This is a dispute between adjacent private landowners who live within the boundaries of the Southern Ute Indian Reservation in southwestern Colorado. Plaintiffs claim that Defendants' coal-fired boiler sends harmful pollutants across Plaintiffs' property. (ECF No. 1.) Plaintiffs have sued under the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*, as well as under common law theories such as nuisance and invasion of privacy. Plaintiffs moved for a preliminary injunction (ECF No. 9), which the undersigned referred to U.S. Magistrate Judge Nina Y. Wang (ECF No. 11).

    Before Judge Wang could hold a hearing on the request for a preliminary injunction, Defendants raised what they characterized as a question of subject matter jurisdiction. Because Plaintiffs and Defendants are both Colorado residents, federal court jurisdiction turns on the viability of Plaintiffs' Clean Air Act claim. Plaintiffs ground their Clean Air Act claim entirely in an opacity standard promulgated by the State of

Colorado under its authority from the federal Environmental Protection Agency ("EPA") to carry out the mandates of the Clean Air Act. (ECF No. 1 ¶¶ 21–27, 37–42.) Defendants filed a motion to dismiss, however, arguing that the Southern Ute Tribe has exclusive jurisdiction over emissions standards from sources located within the Reservation's borders, and that the Tribe has no opacity standard similar to Colorado's. (ECF No. 20.)

Considering Judge Wang's familiarity with the case, the undersigned referred this motion to her for a recommendation. (ECF No. 23.) After briefing and oral argument (including an amicus brief and oral argument from the Southern Ute Tribe itself), Judge Wang issued her recommendation on March 21, 2017, recommending that Defendants' motion be granted ("Recommendation"). (ECF No. 32.) Plaintiffs then filed a timely objection under Federal Rule of Civil Procedure 72(b)(2) (ECF No. 33), which is presently before the Court.

Given this posture, Rule 72(b)(3) requires that the Court "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

2

The undersigned cannot improve on Judge Wang's thorough recitation of the relevant facts and statutory background, nor on her careful analysis of the statutory and regulatory questions presented. Familiarity with the Recommendation is therefore presumed and the Court turns directly to Plaintiffs' two bases for objection.

First, Plaintiffs argue that if Colorado's opacity standard does not apply on the Southern Ute Reservation, it would "leave broad categories of polluting activities completely unregulated and Plaintiffs without protection or remedy under the [Clean Air Act]. Such [a] gap was not Congress'[s] intent under the [Clean Air Act] . . . ." (ECF No. 33 at 3.) This objection is without foundation for at least two reasons. First, the Clean Air Act itself does not dictate any opacity standard, or even that states and tribes must have an opacity standard. Second, Plaintiffs are not without any remedy: the presence or absence of an opacity standard has no bearing on their ability to bring a nuisance action or other similar actions under the common law.

Second, Plaintiffs argue that the Intergovernmental Agreement ("IGA") establishing the Tribe's sole jurisdiction over air quality standards within the Reservation, *see* Colo. Rev. Stat. § 24-62-101, is ambiguous. (ECF No. 33 at 6.) But Plaintiffs do not specify what they believe to be ambiguous. From the context, it appears Plaintiffs may be referring to slight differences between the definitions of "Development Phase" and "Program Phase" in the IGA. Specifically, the IGA defines Development Phase, in part, as "the time period . . . before . . . delegation by the EPA of any Clean Air Act programs [to the Tribe]"; whereas it defines Program Phase, in part, as "the time period . . . after . . . actual delegation of Clean Air Act Programs by the EPA [to the Tribe]." Colo. Rev. Stat. § 24-62-101, art. V, §§ B & C. the

3

Development Phase definition contains the word "any" before "Clean Air Act Programs," while the Program Phase definition does not. And "any" was a keyword on which Judge Wang relied in her analysis. (ECF No. 32 at 18.) Plaintiffs seem to be saying that the Development Phase ends with the delegation of any particular Clean Air Act program to the Tribe, but the Program Phase does not begin until the EPA delegates *all* Clean Air Act programs to the Tribe. That is not what the IGA says, however, and—as Judge Wang cogently observed—Plaintiffs' interpretation creates more ambiguity: "To read ['all'] into the definition of Program Phase would necessarily create an undefined gap following the delegation of a single [Clean Air Act] program (*i.e.*, after the Development Phase) but before the delegation of all [Clean Air Act] programs (*i.e.*, the beginning of the Program Phase)." (ECF No. 32 at 19.) Thus, this objection is unfounded, and the Court agrees that Plaintiffs' Clean Air Act claim must be dismissed.

Judge Wang further recommends that the Court not retain jurisdiction over Plaintiffs' state law claims. (ECF No. 32 at 21 (citing, among other things, 28 U.S.C. § 1367(c)(3) and *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013)).) Whether the Court may even consider retaining jurisdiction depends on whether the lack of an applicable opacity standard is a jurisdictional defect (*i.e.*, it deprives Plaintiffs of the citizen-suit remedy under the Clean Air Act, thus eliminating the statutory basis for a private suit in federal court, *see* ECF No. 20 at 2–3) or a merits defect (*i.e.*, it simply shows that Plaintiffs' citizen suit fails on its elements, *see* ECF No. 26 at 3–4). Judge Wang did not directly address this distinction, but her Recommendation that the Court exercise its discretion to dismiss the state law claims shows that she adopted the

4

merits defect view.

The Court agrees with Judge Wang.  In the past couple of decades, the Supreme Court has repeatedly cautioned lower courts to treat the label "jurisdictional" carefully and only apply it when Congress clearly intended some sort of statutory mechanism to have jurisdictional consequences.  *See, e.g.*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006).  The Court is not persuaded that a Clean Air Act citizen suit based on what turns out to be an inapplicable air quality standard means that the Court lacked subject matter jurisdiction from the outset.  Thus, Plaintiffs' Clean Air Act claim fails on its merits, and the Court agrees with Judge Wang that retaining jurisdiction over Plaintiffs' state law claims would be inappropriate given the relatively early stage of these proceedings, as well as the geographic remoteness of this courthouse to the parties, their properties, and most of the likely witnesses and evidence.  "[T]o the extent that Plaintiffs intend to proceed on their state law claims against Defendants, it appears more appropriate for such claims to be adjudicated in a state court that is geographically proximate to the Parties."  (ECF No. 32 at 21.)

For the reasons set forth above the Court ORDERS as follows:

1. Plaintiffs' Objection (ECF No. 33) is OVERRULED;
2. Defendants' Motion to Dismiss (ECF No. 20) is GRANTED;
3. Plaintiffs' Motion for Preliminary Injunction (ECF No. 9) is DENIED AS MOOT;
4. Plaintiffs' Count One is DISMISSED WITH PREJUDICE and the remaining counts in Plaintiffs' complaint are DISMISSED WITHOUT PREJUDICE; and
5. The Clerk shall terminate this action.  The parties shall bear their own costs.

Dated this 7th day of June, 2017.

BY THE COURT:

William J. Martinez
United States District Judge